AT-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>MAX E. RAWN (State Bar No. 643795)<br>RICHARDSON & PATEL, LLP<br>10900 Wilshire Boulevard, Suite 500<br>Los Angeles, CA 90024<br>　　TELEPHONE NO.: (310) 208-1182　　FAX NO.: (310) 208-1154<br>ATTORNEY FOR *(Name)*: David L. Ray, Ch. 7 Trustee of Colony Mortgage Bank | FOR COURT USE ONLY |
|---|---|
| NAME OF COURT: United States Bankruptcy Court, Central District<br>STREET ADDRESS: 255 East Temple Street<br>MAILING ADDRESS: 255 East Temple Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: LOS ANGELES DIVISION | |
| PLAINTIFF: David L. Ray<br><br>DEFENDANT: DPR MANAGEMENT LLC, a Utah limited liability company, and DOUGLAS ROBERTS, an individual | |
| **APPLICATION FOR**<br>[✓] RIGHT TO ATTACH ORDER　　[ ] TEMPORARY PROTECTIVE ORDER<br>[✓] ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT<br>[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT<br><br>　　[✓] After Hearing　　[ ] Ex Parte<br>　　[✓] Against Property of Nonresident | CASE NUMBER:<br><br>2:09-ap-03556-BR |

1. Plaintiff *(name)*:
   applies [✓] after hearing [ ] ex parte    for
   a. [✓] a right to attach order and writ of attachment.
   b. [ ] an additional writ of attachment.
   c. [ ] a temporary protective order.
   d. [ ] an order directing the defendant to transfer to the levying officer possession of
       (1) [ ] property in defendant's possession.
       (2) [ ] documentary evidence in defendant's possession of title to property.
       (3) [ ] documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name)*: DPR Management, LLC, a Utah limited liability company
   a. [ ] is a natural person who
       (1) [ ] resides in California.
       (2) [ ] does not reside in California.
   b. [ ] is a corporation
       (1) [ ] qualified to do business in California.
       (2) [ ] not qualified to do business in California.
   c. [ ] is a California partnership or other unincorporated association.
   d. [ ] is a foreign partnership that
       (1) [ ] has filed a designation under Corporations Code section 15800.
       (2) [ ] has not filed a designation under Corporations Code section 15800.
   e. [✓] is other *(specify)*:
       a Utah limited liability company, not registered in California

   Note: A Writ of Attachment is not sought at this time against defendant DOUGLAS ROBERTS.

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

(Continued on reverse)　　　　Page one of three

Form Approved for Optional Use
Judicial Council of California
AT-105 [Rev. January 1, 2000]

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Code of Civil Procedure,
§§ 482.030, 484.010 et seq.

American LegalNet, Inc.
www.USCourtForms.com

| SHORT TITLE: David L. Ray vs. DPR Management, LLC, et al. | CASE NUMBER: 2:09-ap-03556-BR |
|---|---|

6. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☑ verified complaint.
   b. ☐ attached affidavit or declaration.
   c. ☐ following facts (specify):

8. The amount to be secured by the attachment is: $ 350,250.00
   a. ☑ which includes estimated costs of: $ 250.00
   b. ☑ which includes estimated allowable attorney fees of: $ 25,000.00

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☑ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows (specify):

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property (describe):

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold (specify license number):

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on (date):
    (Attach a copy.)

12. ☐ Nonresident defendant has not filed a general appearance.

(Continued on page three)

AT-105 [Rev. January 1, 2000]    **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**    Page two of three

| SHORT TITLE: David L. Ray vs. DPR Management, LLC | CASE NUMBER |
|---|---|

13. a. Plaintiff ☐ alleges on ex parte application for order for writ of attachment
   ☐ is informed and believes on application for temporary protective order
   that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
   (1) ☐ it may be inferred that there is a danger that the property sought to be attached will be
      (a) ☐ concealed.
      (b) ☐ substantially impaired in value.
      (c) ☐ made unavailable to levy by other than concealment or impairment in value.
   (2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
   (3) ☐ a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
   (4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
   (5) ☐ other circumstances *(specify)*:

   b. The statements in item 13a are established by ☐ the attached affidavit or declaration
      ☐ the following facts *(specify)*:

14. ☐ Plaintiff requests the following relief by temporary protective order *(specify)*:

15. Plaintiff
    a. ☐ has filed an undertaking in the amount of: $
    b. ☐ has not filed an undertaking.

Date: December 29, 2009

MAX E. RAWN
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)       (SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 23, 2009

DAVID L. RAY
(TYPE OR PRINT NAME)       (SIGNATURE OF DECLARANT)

16. Number of pages attached: ____

AT-105 [Rev January 1, 2000]    **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**    Page three of three

| In re: Colony Mortgage Banc, | CHAPTER 7 |
| --- | --- |
| | CASE NUMBER 2: 07-13787-BR |
| Debtor(s). | ADV. CASE NUMBER 2:09-ap-03556-BR |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Richardson & Patel LLP, 10900 Wilshire Boulevard, Suite 500, Los Angeles, CA 90024

The foregoing document described **APPLICATION FOR RIGHT TO ATTACH ORDER, ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 29, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On December 29, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**VIA U.S. Mail**
Hon. Barry Russell
United States Bankruptcy Court
255 East Temple St., #1660
Los Angeles, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 29, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**VIA EMAIL**
David L. Ray, Chapter 7 Trustee
jf@srblaw.com; dlr@srblaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 29, 2009 | RAUL MORALES | /s/ Raul Morales |
| --- | --- | --- |
| Date | Type Name | Signature |

| In re: Colony Mortgage Banc, | CHAPTER 7 |
| | CASE NUMBER 2: 07-13787-BR |
| Debtor(s). | ADV. CASE NUMBER 2:09-ap-03556-BR |

II.  **SERVED BY U.S. MAIL:**

**Defendants**

DPR MANAGEMENT, LLC
10421 S. Jordan Gateway, Suite 600
South Jordan, Utah 84095

DOUGLAS ROBERTS
c/o DPR MANAGEMENT, LLC
10421 S. Jordan Gateway, Suite 600
South Jordan, Utah 84095

**Attorney for Defendants**
Eric W. Pearson, Esq.
PEARSON LAW, P.C.
10421 S. Jordan Gateway, Suite 600
South Jordan, Utah 84095

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1